1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   COREY SULLIVAN,                          Case No. 2:20-cv-00865-DOC (GJS)

12                  Petitioner,               ORDER: DISMISSING PETITION;
                                              DENYING CERTIFICATE OF
13          v.                                APPEALABILITY; AND
                                              REFERRING PETITION
14   C. PFEIFFER,                             PURSUANT TO NINTH CIRCUIT
                                              RULE 22-3(a)
15                  Respondent.

16

17          On April 5, 2014, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this

18   District in Case No. 2:14-cv-08605-AG (GJS) (the "First Petition").  The First

19   Petition challenged Petitioner's 2013 conviction sustained in Los Angeles County

20   Superior Court Case No. BA374465 following a nolo contendere plea and his

21   related sentence (collectively, the "State Conviction").  The First Petition raised five

22   claims: (1) appellate counsel provided ineffective assistance; (2) the trial court

23   abused its discretion in failing to sever Petitioner's case from those of his co-

24   defendants; (3) the trial court violated Petitioner's right to a jury trial with respect to

25   the gang enhancement imposed, which Petitioner did not admit and a jury did not

26   find; (4) trial counsel provided ineffective assistance by failing to investigate, which

27   caused Petitioner to "unnecessarily" plead guilty; and (5) the trial court failed to

28   take a proper waiver of Petitioner's constitutional rights in connection with the

allegation that he had suffered a prior "strike" conviction. Briefing ensued, the United States Magistrate Judge issued a Report and Recommendation in which she recommended a denial on the merits and on a procedural ground,[1] and on October 30, 2016, the Court accepted the Report and Recommendation, denied and dismissed the First Petition with prejudice, and Judgment was entered. Petitioner did not appeal.[2]

Over three years passed. On January 28, 2000, Petitioner commenced this habeas action through a 28 U.S.C. § 2254 petition (Dkt. 1, "Petition"). The instant Petition again challenges Petitioner's State Conviction, this time through a single Confrontation Clause-based claim.[3] Petitioner contends that the gang enhancement imposed in connection with the State Conviction is "illegal," because when the gang expert testified at the preliminary hearing, he relied on hearsay contained in prior police reports he did not author. Petitioner contends that, under *Crawford v. Washington*, 541 U.S. 36 (2004), this reliance on testimonial hearsay was improper under the Confrontation Clause, and thus, the gang expert's testimony was insufficient to support the gang enhancement imposed. Petitioner argues at some length that this alleged Confrontation Clause error was not harmless. Petitioner also cites to recently-passed California Assembly Bill No. 1618, which has been enacted as California Penal Code § 1016.8. This new statute, at the relevant subparagraph (b) on which Petitioner relies, provides as follows: "A provision of a plea bargain

---

[1]     The Magistrate Judge, and subsequently the Court, found that Grounds Two and Four of the First Petition were barred by the doctrine set forth in *Tollett v. Henderson*, 411 U.S. 258 (1973).

[2]     Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files, as well as of the Ninth Circuit dockets available electronically through the PACER system.

[3]     While Petitioner utilized both the "Ground One" and "Ground Two" sections of the petition form to set forth his habeas claim, it is plain – based on both his argument attached to the form petition and that set forth in his state habeas petition – that he raises a single Confrontation Clause claim.

2

that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." Petitioner reasons that because of this new statutory provision, he is entitled to rely upon a January 23, 2018 decision of the California Court of Appeal (*People v. Martinez*, No. E066299, Fourth Appellate District) to support his *Crawford* claim.

The dockets for the Ninth Circuit show that Petitioner has not sought permission from the United States Court of Appeals for the Ninth Circuit to file the instant Petition.

## DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.*, 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this District Court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 152 (2007).

The First Petition raised federal constitutional claims challenging the State

Conviction and its related sentence and was denied on its merits. The present Petition again challenges that same State Conviction and its related sentence and thus, on its face, is second or successive within the meaning of Section 2244(b). While Petitioner argues that a 2018 state appellate court decision supports his Confrontation Clause claim set forth in the Petition, the claim itself is not a new one. As argued in the state court and here, Petitioner's claim is one brought under and premised on *Crawford*, which was decided many years before the State Conviction occurred. Petitioner's secondary argument – that insufficient evidence supported the gang enhancement allegation, because the gang expert's testimony improperly was based on hearsay – plainly is one that could have been raised in an appeal of the State Conviction and thus in the First Petition. Indeed, as Petitioner notes, his trial counsel moved (unsuccessfully) to dismiss the gang enhancement allegation on the basis that the gang expert's preliminary hearing testimony was insufficient to support the enhancement, because the testimony rested on hearsay. [Petition at ECF ## 29, 59.]

Whether or not the claim alleged in the Petition may, as a prima facie matter, satisfy the requisites of 28 U.S.C. § 2244(b)(2) is a question that must be presented to and resolved by the Ninth Circuit, not this District Court.[4] Petitioner, however, has not obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claims alleged in the Petition. This Court therefore lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or

_____

[4] The Court notes that the claim alleged in the Petition appears to have numerous problems in addition to the Section 2244(b) issue. Petitioner overlooks entirely the critical fact that he *admitted* the truth of the gang enhancement allegation at the time of his plea. [*See* First Petition action, Dkt. 1 at 44-45 (plea hearing transcript), and Dkt. 13 at 11.] Any alleged issue with respect to the gang expert's preliminary hearing testimony, thus, would seem to be irrelevant. The instant claim also appears to be substantially untimely and to be barred by the *Tollett* doctrine. However, as the Court lacks jurisdiction to consider the merits of the Petition, it cannot, and therefore does not, resolve these apparent bars to the relief sought.

4

successive petition absent prior authorization from the circuit court).

Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing the Petition without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22–3(a).

**IT IS SO ORDERED.**


DATED: February 12, 2020

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE


PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE